CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
FEB 10 2014
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| RANDALL GRAVELY, <br> Plaintiff, | ) ) ) | Civil Action No. 7:14-cv-00003 |
| v. | ) ) ) | **MEMORANDUM OPINION** |
| WESTERN VIRGINIA REGIONAL JAIL MEDICAL DEPARTMENT, <br> Defendant. | ) ) ) ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Randall Gravely, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff names the Western Virginia Regional Jail Medical Department as the sole defendant. This matter is before me for screening, pursuant to 28 U.S.C. § 1915 and § 1915A, because Plaintiff filed financial documents for leave to proceed in forma pauperis. After reviewing Plaintiff's submissions, I dismiss the Complaint without prejudice for failing to state a claim upon which relief may be granted.

I must dismiss any action or claim filed by an inmate if I determine that the action or claim is frivolous or fails to state a claim on which relief may be granted.[1] See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). To state a claim under § 1983, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). However, Plaintiff fails to name a person subject to liability via §1983 because a "Medical Department" is not an appropriate defendant to

---

[1] Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009). Although I liberally construe a pro se complaint, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

a § 1983 action. <u>Will v. Michigan Dep't of State Police</u>, 491 U.S. 58, 70-71 (1989); see <u>Ferguson v. Morgan</u>, No. 1:90cv06318, 1991 U.S. Dist. LEXIS 8295, 1991 WL 115759, at *1 (S.D.N.Y. June 20, 1991) (concluding that the Otisville Correctional Facility Medical Staff is not a person for purposes of § 1983). Accordingly, Plaintiff presently fails to state a claim upon which relief may be granted, and I dismiss the Complaint without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1).

**ENTER**: This 10th day of February, 2014.

Senior United States District Judge